CARLTON, Appellant, v. SAVILLE, Sheriff (GULLICK, Intervenor), Respondent.

(229 N. W. 2.)

(File No. 6561. Opinion filed January 28, 1930.)

See, also 51 S. D. 282, 213 N. W. 509; 55 S. D. 87, 224 N. W. 957.

*R. P. Carlton,* of Rapid City, for Appellant.

*R. B. Palmer,* of Woonsocket, for Respondent Saville.

*Johnson & Simons,* of Sioux Falls, for Respondent Gullick.

CAMPBELL, J. One T. J. Carlton was arrested on a criminal charge, and put up cash bail in the sum of $2,000. Subsequently, and on March 19, 1926, the said T. J. Carlton was acquitted of the offense charged. Immediately upon said acquittal the defendant sheriff levied upon and took possession of said bail money by virtue of an execution issued upon a judgment in favor of Woonsocket State Bank and against the said T. J. Carlton, defendant in the criminal proceeding as aforesaid. Upon learning that said bail money had been levied upon at the suit of his judgment creditor, the said T. J. Carlton filed a voluntary petition in bankruptcy, and

was duly adjudicated a bankrupt, and the plaintiff in intervention was duly appointed as trustee in bankruptcy for the estate of the said T. J. Carlton, bankrupt. Subsequently Lewis D. Carlton, plaintiff herein, a son of the said T. J. Carlton, instituted this action against the defendant sheriff to recover said bail money which the defendant sheriff held under the levy aforesaid, claiming that title to said sum was and always had been in him the said Lewis D. Carlton, and that he was the owner and entitled to the possession thereof, although he had put up the money as a cash appearance bond for his father, the said T. J. Carlton. In said action the trustee in bankruptcy of the estate of said T. J. Carlton intervened, claiming that the fund was, and at all times had been, the property of the said T. J. Carlton; that the levy thereon by the defendant sheriff was made within four months prior to the adjudication of bankruptcy and was preferential, and that he (the intervener) was entitled to possession of said fund as part of the estate in bankruptcy of the said T. J. Carlton.

The case came on regularly for trial upon these opposing contentions of the respective parties before the court and a jury.

At the close of all the testimony, defendant sheriff moved for direction of a verdict dismissing plaintiff's cause of action against him, which motion was granted, and the intervener trustee in bankruptcy moved for the direction of a verdict in his favor on his complaint in intervention, which motion was also granted.

From judgment entered accordingly, and from a denial of his application for a new trial, plaintiff has appealed.

The brief of appellant indicates either an astonishing ignorance of the rules of this court or a marked disinclination to comply therewith, or both. It is extremely doubtful whether, under the rules, appellant has presented anything for review.

The merits of the case are so plain, however, that it is much simpler to dispose of the matter thereon than to enter into an extended discussion dealing with appellate procedure.

The evidence in this case proves the existence of one or the other of two possible situations. Either the money which was deposited in lieu of bail by the said T. J. Carlton was in fact the sole property of said T. J. Carlton, and had never been the property of appellant, or, if such money had been the property of appellant, it had been loaned by the appellant to the said T. J. Carl-

ton, title thereto had passed to said T. J. Carlton, and appellant had no claim to this particular fund, superior to or different from the claims of any other creditors of the said T. J. Carlton. Which of those two fact situations existed is entirely immaterial. In either event, appellant had no title to the money, and utterly failed to establish the allegations of his complaint. Title to the money was in T. J. Carlton, and intervener-respondent was entitled to prevail both as against appellant and as against the defendant sheriff. A verdict finding otherwise would have been entirely without support in the evidence. It was therefore the duty of the learned trial judge to grant the motions for directed verdict.

The judgment and order appealed from are affirmed, and, inasmuch as the appeal is utterly without merit, and briefed in flagrant disregard of the rules of this court, there is hereby awarded in favor of intervener-respondent and against appellant, as damages for the delay, pursuant to section 2601, R. C. 1919, a sum equivalent to 2 per cent on the amount of the judgment appealed from, and the clerk of this court is hereby directed to tax the same as a part of the costs herein without other or further order.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.